Filed 7/1/24  P. v. Pickett CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B331852 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA036097) |
| v. | |
| SERGERVICK PICKETT, | |
| Defendant and Appellant. | |

THE COURT:

Sergervick Pickett (defendant) appeals from the order of the trial court denying his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2]  Defendant's

---

1    All further statutory references are to the Penal Code unless otherwise indicated.

2    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

appointed counsel found no arguable issues and filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Under the standard articulated in *Delgadillo*, we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the arguments that defendant raises in his letter brief. (*Delgadillo*, at pp. 231-232.) Finding none of his arguments meritorious, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

I. **Facts**[3]

A. ***The underlying crimes***

One morning in September 1997, defendant entered a liquor store in Artesia, California. He jumped over the counter, pointed a gun at the owner, and announced a holdup. A struggle ensued during which the store owner was shot, and a stray bullet struck a customer at the other side of the counter. Defendant grabbed $9 from the cash register and fled.

Defendant then went on a crime spree and committed a string of armed robberies. In late November 1997, he robbed two people at a market in Long Beach, California, and threatened to shoot one of them in the head. In mid-December 1997, he committed a robbery in Torrance, California. In late December 1997, he and an armed companion committed three more robberies in the Long Beach area. Finally, in February 1998,

---

For the sake of simplicity, we will refer to the section by its new numbering only.

[3]  The following facts are drawn from this court's nonpublished decision in defendant's direct appeal from his conviction. (*People v. Pickett* (Mar. 6, 2000, B130830) [nonpub. opn.].)

defendant robbed three people in Bellflower, California, and threatened to kill all three of them when one of the male victims attempted to hide his money.

Defendant was identified by several victims and witnesses by the distinctive tattoo on his neck, and acknowledged committing most of the robberies, including the one where the store owner and customer were shot.

### B.     *Conviction and appeal*

In February 1999, a jury found defendant guilty of attempted murder (§§ 664, 187), two counts of assault with a firearm (§ 245, subd. (a)(2)), and 10 counts of second degree robbery (§ 211). The jury also found true various firearm enhancements (§§ 12022, subd. (a)(1), 12022.5, subd. (a), 12022.53, subd. (b)), and great bodily injury enhancements (§ 12022.7).  Defendant was sentenced to 57 years in state prison, and we affirmed his conviction on appeal.

## II.    Procedural Background

On September 13, 2022, defendant filed a petition for resentencing and checked off all boxes on the form, including those alleging he was charged with attempted murder and the prosecutor proceeded under a theory of either felony murder, the natural and probable consequences doctrine, or some other theory under which malice was imputed to him.  The trial court appointed counsel for appellant, and the parties submitted briefing for the court's consideration.

On June 8, 2023, the trial court held a hearing on defendant's petition.  At that hearing, defendant's own counsel conceded that defendant was not eligible for relief.  The trial court found that the jury was not instructed on the natural and

probable consequences theory of liability and summarily denied the petition.

Defendant filed this timely appeal.

## DISCUSSION

### I. Pertinent Law

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) eliminated the natural and probable consequences doctrine as a basis for murder liability and limited the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Senate Bill 1437 authorizes the filing of a petition for resentencing "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis*, at p. 967.) Senate Bill 1437 changed the elements of murder by limiting the circumstances in which malice can be imputed. (*People v. Solis* (2020) 46 Cal.App.5th 762, 779.)

Senate Bill No. 775 (2021-2022 Reg. Sess.), effective as of January 1, 2022, extended resentencing eligibility to individuals such as defendant who contend they were convicted of attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 1, subd. (a).) Section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

### II. Analysis

After defense counsel filed a *Delgadillo* brief, we notified defendant of that brief and gave defendant leave to file his own brief or letter stating grounds for appellate relief. Defendant

4

filed a lengthy brief with exhibits in which he (1) asks us to reconsider his sentence "in light of changes in the sentencing laws"; (2) contends that the "victim provided false testimony"; (3) asserts there was prosecutorial misconduct; and (4) argues that "there was a sentencing error."

We do not have jurisdiction to consider defendant's contentions, which are not properly raised in an appeal from the denial of a section 1172.6 petition for resentencing. The petition for recall and resentencing under section 1172.6 is not another opportunity to challenge the original judgment on other grounds. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [filing a section 1172.6 petition does not afford a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings]; accord, *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal"].) A defendant who believes he is serving a longer sentence than the law allows may challenge the sentence in a petition for a writ of habeas corpus. (*People v. Romero* (1994) 8 Cal.4th 728, 736-737.)

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

ASHMANN-GERST, Acting P.J.   CHAVEZ, J.   HOFFSTADT, J.

5